# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**ELVIRA MAY STANTON, et al.**

    Plaintiffs,

v.                                                         No. CIV 01-0471 JP/LCS

**NORTH HILLS PROPERTY**
**OWNERS' ASSOCIATION, INC., et al.,**

    Defendants.                                   **CONSOLIDATED WITH**

_____

**ELVIRA MAY STANTON, et al.**

    Plaintiffs,

v.                                                         No. CIV 01-0380 BB/DJS

**NORTH HILLS PROPERTY**
**OWNERS' ASSOCIATION, INC., et al.,**

    Defendants.

**MEMORANDUM OPINION AND ORDER OF CONSOLIDATION**

      Plaintiffs filed a motion to consolidate action No. CIV 01-0471 JP/LCS with the action entitled Elvira May Stanton, et al. v. North Hills Property Owners' Association, Inc., et al., No. CIV 01-0380 BB/DJS, currently pending before the Honorable Bruce D. Black in the United States District Court for the District of New Mexico. See Plaintiffs' Motion for Consolidation of Actions and Remedies (Doc. 79), filed November 8, 2001, in No. CIV 01-0471 JP/LCS. Having

examined the parties' submissions and the relevant legal authorities, the Court finds that Plaintiffs' motion to consolidate is well-taken and therefore will be Granted.

**A.	Jurisdiction**

Before evaluating the merits of Plaintiffs' motion, I must address the argument made by Defendants that this Court cannot entertain the motion because Plaintiffs have appealed to the Tenth Circuit the removal of action No. CIV 01-0471 JP/LCS from state court. See, e.g., Defendant North Hills Property Owners' Association, Inc. ("Association"), response brief (Doc. 83), filed November 16, 2001; Plaintiffs' notice of appeal (Doc. 10), filed June 4, 2001. According to Defendants, this Court is without jurisdiction to take any action in this case until the Tenth Circuit resolves Plaintiffs' appeal. See, e.g., Association's response at 2, citing Stewart v. Donges, 915 F.2d 572, 574 (10th Cir. 1990) (holding that under collateral order doctrine, district court was divested of jurisdiction when the defendant appealed the denial of summary judgment motion based on qualified immunity); but see Estate of Bishop By and Through Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1274 (9th Cir. 1990) (ruling that denial of motion to remand does not fall within collateral order exception). Defendants' argument is without merit.

The filing of a notice of appeal divests a "district court of jurisdiction with two recognized exceptions: (1) untimeliness of the notice, and (2) dependence on an unappealable order." U.S. v. 397.51 Acres of Land, 692 F.2d 688, 693 (10th Cir. 1982); Arthur Andersen & Co. v. Finesilver, et al., 546 F.2d 338, 340-41 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case."). The undisputed facts bring this case within the purview of the two recognized exceptions.

Plaintiffs filed their Notice of Appeal on June 4, 2001. To date, this Court has not made a final appealable decision. The Notice of Appeal, being premature, is ineffective to transfer jurisdiction from this Court to the Tenth Circuit. See Riggs v. Scrivner, Inc., 927 F.2d 1146, 1148 (10th Cir. 1991) ("While the filing of a timely notice of appeal divests the district court of jurisdiction, . . . a premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals."). Accordingly, this Court has jurisdiction to decide Plaintiffs' motion to consolidate.

Assuming *arguendo* that by filing their Notice of Appeal on June 4, 2001, Plaintiffs effectively appealed the order filed August 8, 2001, that denied their motion to quash notice and removal of the state case (Doc. 23), this Court would still have jurisdiction to entertain the consolidation motion because an order denying a motion to remand is not immediately appealable. See Willoughby v. Sinclair Oil & Gas Co., 188 F.2d 902, 904 (10th Cir. 1951) ("It is settled beyond doubt that an order denying a motion to remand is not appealable . . ."); Estate of Bishop, 905 F.2d at 1274 (holding that denial of motion to remand to state court was not final appealable order and did not fall within collateral order exception). Accordingly, this Court has jurisdiction to entertain Plaintiffs' motion to consolidate.

**B.     Merits**

Plaintiffs, proceeding *pro se*, seek to consolidate the actions under Rule 19(a) and Rule 20(a) of the Federal Rules of Civil Procedure. Those rules pertain to the joinder of parties rather than to the consolidation of actions. That point notwithstanding, it is clear from Plaintiffs' motion that they seek to consolidate the actions. The Court therefore construes Plaintiffs' motion as a motion to consolidate, made under Rule 42(a) of the Federal Rules of Civil Procedure. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (ruling that a *pro se* litigant's submissions should

be liberally construed); Overton v. U.S., 74 F.Supp.2d 1034, 1039 (D.N.M. 1999) (ruling that if a court can reasonably read a *pro se* plaintiff's briefs to state a valid basis for relief, it should do so despite the plaintiff's failure to cite proper legal authority).

Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Whether to grant a motion to consolidate under Rule 42(a) rests within the district court's discretion. See Yapp v. Excel Corp., 186 F.3d 1222 (10th Cir. 1999). The party moving for consolidation bears the burden of proving that consolidation is desirable. See Servants of Paraclete, Inc. v. Great American Ins. Co., 866 F.Supp. 1560, 1572 (D.N.M. 1994).

There is no substantive difference between the two actions, No. CIV 01-0471 JP/LCS and No. CIV 01-0380 BB/DJS. They involve the same parties, claims, and defenses. In fact, the complaints are virtual facsimiles of one another, averring the same allegations in support of the same causes of action and seeking the same forms of relief from the same named defendants. The actions should therefore be consolidated. See Fed.R.Civ.P. 42(a); Harris v. Illinois-California Exp., Inc., 687 F.2d 1361, 1368 (10th Cir. 1982) ("Where the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected."); Martin v. Atchison Casting Corp., 200 F.R.D. 453, 455 (D.Kan. May 11, 2001) (ruling that consolidation was appropriate in situation involving five complaints naming the same defendants, alleging the same set of facts, and setting out the same causes of action).

**IT IS ORDERED** that Plaintiffs' Motion for Consolidation of Actions and Remedies (Doc. 79) is GRANTED, and in accordance with the policy of this Court, case No. CIV 01-0471

JP/LCS is consolidated with the lower numbered case, No. CIV 01-0380 BB/DJS, and both cases are assigned to the Honorable Bruce D. Black.

_____
JAMES A. PARKER
Chief United States District Judge