# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


**ELVIRA MAY STANTON, et al.,**

    Plaintiffs,

                          No. CIV 01-0380 BB/DJS

v.                             **as consolidated with**

                          No. CIV 01-0471 JP/LCS

**NORTH HILLS PROPERTY
OWNERS' ASSOCIATION, INC., et al.,**

    Defendants.


## MEMORANDUM OPINION AND ORDER

On October 18, 2001, Plaintiff Elvira May Stanton, on behalf of herself, Shirley Martin, Edna

Rodriguez, Morton Wilkes, and Karola and Robert Tereskiewicz, filed a "Motion for First Amended

Complaint and Memorandum in Support Thereof" (Doc. 113).[1] The Court has considered the motion

and the responses of Defendant City of Rio Rancho (Doc. 127), Defendants GBI Limited misnamed

as Double R Management Co. and Gary Johnson (Doc. 120), Defendants Richard Bibra, Patricia

Cole, Bill Charlton, Frances Elizondo, Barry Ballinger, Scott Wheeler, and Richard May (Doc. 129),

and Defendant North Hills Property Owners Association, Inc. (Doc. 119). The Court has determined

that the motion should be denied on the ground that the attached "First Amended Complaint" is

fraught with the same conclusory allegations as the original complaint and, as a consequence, it would

---

[1] Shirley Martin, Edna Rodriguez, Morton Wilkes, and Karola and Robert Tereskiewicz filed motions to join this action as plaintiffs before the Provisional Discovery Plan's deadline of August 24, 2001, to add additional parties. See *infra* at 4 (motions for joinder); Provisional Discovery Plan (Doc. 38) at 2. Those persons will be permitted to join Elvira May Stanton as plaintiffs in a proposed "Second Amended Complaint", a copy of which is to be attached to Plaintiff's new motion for leave to amend the complaint. Consequently, the various motions for joinder of persons as plaintiffs will be denied as moot. If Defendants need to conduct additional discovery because of the addition of the additional plaintiffs, discovery will be reopened for that purpose.

be futile to grant the motion.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (ruling that leave to amend a complaint should be denied if amendment would prove futile).  For example, Plaintiffs claim that Defendants violated Title II and Title III of the Americans with Disabilities Act ("ADA") by subjecting them to retaliation, coercion, and direct threats.  See first amended complaint at 12, ¶ 83.  In support of their claim, Plaintiffs allege that Defendants foreclosed on their properties after they filed a complaint in state court.  See id. at 2, ¶¶ 4-5.  The critical flaw with their ADA claim is that Plaintiffs:  (1) fail to allege that each Plaintiff has a disability or physical impairment, (2) fail to specify the nature of each Plaintiff's respective disability or physical impairment, (3) fail to allege that each Plaintiff participated in the state court action, and (4) fail to allege that Defendants retaliated against Plaintiffs by foreclosing on each Plaintiff's property.[2]  In the absence of allegations to that effect, Plaintiffs cannot state a cognizable ADA retaliation-claim.

The deficiencies of Plaintiffs' complaint notwithstanding, in the interests of justice and judicial economy, the Court will allow Plaintiffs a final opportunity to amend their complaint, which shall be denominated as a "Second Amended Complaint".[3]  See EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) (ruling that a plaintiff should be allowed to clarify the allegations of an ambiguous complaint before the complaint is dismissed); Barnett v. Bailey, 956 F.2d 1036, 1043-44

---

[2]  Plaintiffs' vague complaint and conclusory allegations raise another concern.  It appears that Plaintiffs' claims vary from individual to individual, meaning that their claims do not arise out of the same transaction or occurrence and that there is no question of law or fact common to all of them.  See, e.g., first amended complaint at 2, ¶ 5 ("In retaliation [for filing the complaint in state court], Defendants . . . filed foreclosure action[s] against one or more Plaintiffs.");  Fed.R.Civ.P. 20(a).  If that is the case, then Plaintiffs' claims will be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure.

[3]  Each Plaintiff must sign the proposed complaint along with every other formal submission.  The Court will not consider future submissions that reflect "telephonic approval" to documents completed by Ms. Stanton or any other named Plaintiff.  Neither Ms. Stanton nor any other Plaintiff is a licensed attorney and, therefore, each Plaintiff can only represent him or herself.

(11th Cir. 1992) (ruling that if a complaint is ambiguous, the proper remedy is not to order dismissal but to order clarification); Anderson v. Board of Trustees, 77 F.3d 364, 367 (11th Cir. 1996) (ruling that courts may order sua sponte a plaintiff to provide a more definite statement). In their proposed complaint, Plaintiffs must specify for each respective individual the factual allegations and legal theories upon which each person seeks to recover. Again using the ADA claim as an example, it will not be enough for Plaintiffs to make conclusory allegations that "Defendants have violated [the ADA] with selective discriminatory foreclosures and other forms of retaliation." Plaintiffs' complaint at 12, ¶ 83. Instead, they must specify which Defendants allegedly violated the ADA, when they allegedly violated the ADA, how they allegedly violated the ADA, and which Plaintiffs were adversely affected by each alleged violation. See J.H. Routh Packing Co., 246 F.3d at 854 (stating that when a plaintiff is ordered to clarify a complaint, the court may require plaintiff to specify matters to a degree that may go beyond the pleading requirements of Fed.R.Civ.P. 8).

Finally, the Court formally acknowledges that there are several pending motions seeking dismissal of Plaintiffs' claims on the merits. Despite the Court's order on this matter, the parties do not have to file additional motions unless Plaintiffs, in their proposed complaint, make factual allegations or assert legal theories that warrant additional motions. The Court will address the pending motions after Plaintiffs have had an opportunity to clarify their allegations and legal theories in the proposed amended complaint.

**WHEREFORE,**

**IT IS ORDERED THAT:**

1.      Plaintiffs' "Motion for First Amended Complaint and Memorandum in Support Thereof" (Doc. 113), filed October 18, 2001, is **DENIED**.

2.    Plaintiffs shall, by not later than September 13, 2002, file and serve another motion for leave to amend their complaint, but in doing so they must attach to that motion a copy of their proposed "Second Amended Complaint" in which all persons permitted by this order to join Plaintiff Elvira May Stanton as plaintiffs shall be named as additional plaintiffs.

3.    The following motions are **DENIED** as moot:

   a.    Motion for Joinder of Persons Needed for Just Adjudication (Doc. 45), filed August 2, 2001, by Robert and Karola Tereskiewicz;

   b.    Motion for Joinder of Persons Needed for Just Adjudication (Doc. 46), filed August 6, 2001, by Shirley Martin;

   c.    Motion for Joinder of Persons Needed for Just Adjudication (Doc. 47), filed August 6, 2001, by Edna Rodriguez;

   d.    Motion for Joinder of Persons Needed for Just Adjudication (Doc. 48), filed August 6, 2001, by Robert and Mary Vigil, and Unopposed Motion to Withdraw as Joinder (Doc. 126), filed November 5, 2001 by Robert and Mary Vigil;

   e.    Motion for Joinder of Persons Needed for Just Adjudication (Doc. 49), filed August 6, 2001, by Morton Wilkes; and

   f.    Motion for Leave to Amend Complaint and Memorandum in Support Thereof (Doc. 79), filed September 5, 2001.

4.     The following motions for joinder are **DENIED** on the ground that Plaintiffs filed
their motions several months after the Provisional Discovery Plan's (Doc. 38)
deadline of August 24, 2001, to add additional parties:

    a.     Motion for Joinder of Additional Defendant (John P. Blackburn) (Doc. 155),
filed January 7, 2002;

    b.     Motion for Joinder of Persons Needed for Just Adjudication (Doc. 159), filed
January 14, 2002, by Edward Kisner; and

    c.     Motion for Supplemental Joinder of Defendant John P. Blackburn (Doc. 202),
filed April 30, 2002.

5.     Consistent with paragraph 4 of this order, Defendant Gary Johnson's Motion to Strike
Plaintiff's Motion for Supplemental Joinder of Defendant John P. Blackburn (Doc.
222), filed May 16, 2002, is **GRANTED**.

DATED at Albuquerque this 27th day of August, 2002.


_____
BRUCE D. BLACK
United States District Judge