IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA MAY STANTON, et al.,**

    Plaintiffs,

v.

No. CIV 01-0380 BB/DJS
**as consolidated with**
No. CIV 01-0471 JP/LCS

**NORTH HILLS PROPERTY
OWNERS' ASSOCIATION, INC., et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Plaintiffs' motion for leave to file a second amended complaint. (Doc. 260). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that Plaintiffs' motion will be DENIED to the extent that it seeks leave to go forward on claims of disability discrimination under the Americans with Disabilities Act and GRANTED to the extent that it seeks leave to go forward on claims of retaliation under the Americans with Disabilities Act against the North Hills Property Owners' Association and on claims under the Fair Debt Collections Practices Act against Gary Johnson and Rodney Starkweather. Plaintiffs' state law claims for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence, negligent retention, and fraud will be REMANDED on the grounds that they substantially predominate over Plaintiffs' federal claims.

1

# I.
# FACTS AND PROCEDURAL HISTORY

The present case was filed by thirteen homeowners in the North Hills subdivision of Rio Rancho, New Mexico. Although they have filed a joint complaint, each Plaintiff has elected to represent his or her own interests *pro se*. The Defendants include the North Hills Property Owners' Association ("NHPOA"); Gary Johnson, the North Hills property manager; Rodney Starkweather, counsel for the NHPOA; the Association's board of directors; and the City of Rio Rancho.

Plaintiffs originally filed suit in New Mexico state court on September 15, 2000. Stanton v. North Hills Property Owners Assoc., Inc. No. 1329 CV 00 00 769 (N.M. Dist. Ct. filed September 15, 2000). In early April 2001, they filed an identical suit in federal district court. (CV 01-380 Doc. No. 1). Shortly thereafter, Defendants removed the parallel state case. (CV 01-0471 Doc. 1). The two causes of action were later consolidated and assigned to this Court. (CV 01-380 Doc. 138; CV 01-471 Doc. 88).

A motion to amend was pending in each case at the time they were consolidated. (CV 01-471 Doc. 64; CV 01-380 Doc. 113). The Court denied as futile the motion pending in the case Plaintiffs filed directly in federal court, but afforded them a final opportunity to cure the deficiencies in their complaint. (CV 01-380 Doc. 256). It later held the motion pending in the parallel case moot, thereby bringing the consolidated cases into the same procedural posture. (CV 01-380 Doc. 264).

This opinion addresses the sufficiency of the complaint submitted by Plaintiffs in their final attempt to state claims against each of the Defendants. Their claims fall into two categories. The

first includes those arising from allegations that the common areas of the North Hills subdivision were improperly designed and have been poorly maintained. Plaintiffs' claims for disability discrimination under the Americans with Disabilities Act ("ADA"), negligence, negligent retention, and breach of the implied covenant of good faith and fair dealing fall into this category. The second includes claims arising from allegations that the Defendants engaged in abusive and unlawful practices in developing and managing the subdivision. Plaintiffs' claims for violation of the Fair Debt Collections Practices Act ("FDCPA"), breach of fiduciary duty, intentional infliction of emotional distress, and fraud fall into this category. Their ADA retaliation claims raise issues related to both disputes.

## II.
## STANDARD OF REVIEW

In considering the sufficiency of Plaintiffs' proposed second amended complaint, the Court must construe all allegations in the light most favorable to their case, and must accept all factual allegations as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). A claim will only be dismissed where it is clear beyond doubt that they cannot prove sufficient facts to prevail. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033, 1036 (10th Cir. 1993); Hall, 935 F.2d at 1109. Because Plaintiffs appear *pro se*, the Court must review the proposed complaint under a more lenient standard than it would apply if their pleadings were drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall, 935 F.2d at 110; Overton v. United States, 74 F. Supp. 2d 1034, 1039 (D.N.M. 1999).

Nonetheless, the Court must ensure that Plaintiffs have pled sufficient facts to provide the Defendants notice of the nature and basis of each claim. Fed.R.Civ.P. 8(a)(2); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Conley, 355 U.S. at 47. Although their allegations need not be specific, they must provide the Defendants with enough information to begin preparing a defense. EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1118 (D.C. Cir. 2000).

## III.
## DISCUSSION

**A.   Americans with Disabilities Act Claims**

   **1.   Disability Discrimination**

Under Count I of the proposed complaint, Plaintiffs seek to recover from the City of Rio Rancho and the NHPOA for disability discrimination under the ADA. 42 U.S.C. § 12132 (prohibiting disability discrimination by public entities); 42 U.S.C. § 12182 (prohibiting disability discrimination by the owners of public accommodations). Their claims are grounded on allegations that these Defendants allowed the common areas and parks of the North Hills subdivision to be constructed in a manner that renders them inaccessible to the disabled.

To recover for discrimination under the ADA, an individual must suffer from an impairment that qualifies as a "disability" under the Act. Steele v. Thiokol Corp., 241 F.3d 1248, 1252 (10th Cir. 2001); Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997); Sutton v. United Air Lines, Inc., 130 F.3d 893, 897 (10th Cir. 1997); see 42 U.S.C. § 12102(2) (defining a "disability" as a physical or mental impairment that substantially limits one or more major life

4

activities, a record of such an impairment, or being regarded as having such an impairment). Whether a plaintiff falls within the class of individuals the statute is intended to protect is therefore a threshold issue in every ADA discrimination case. As a result, a plaintiff must include in the complaint allegations unambiguously identifying the particular impairment from which she suffers to state a disability discrimination claim. Poindexter v. Atchison, Topeka and Santa Fe Railway Co., 168 F.3d 1228, 1232 (10th Cir. 1999); Sheets v. CTS Wireless Components, Inc., 213 F. Supp. 2d 1279, 1282 (D.N.M. 2002); J.H. Routh Packing Co., 246 F.3d at 854.

The Court clearly explained this requirement to Plaintiffs in the order rejecting their first amended complaint and warned them that no further leave to amend would be granted. (CV 01-380 Doc. 256). Rather than follow the Court's instructions or heed its warning, Plaintiffs submit to the Court a proposed complaint in which they simply assert that four of them "are disabled individuals as that term is defined under the ADA." Accordingly, Plaintiffs have failed to state a claim for disability discrimination against either the NHPOA or the City of Rio Rancho, and Count I of their proposed complaint will be dismissed with prejudice. See Hall, 935 F.2d at 1110 (holding that a *pro se* complaint may be dismissed if, after being afforded the opportunity to amend, the plaintiffs continue to provide conclusory allegations without supporting factual averments); Duda v. Bd. of Ed. of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1057 n. 4 (7th Cir. 1998); Harris v. Ostrout, 65 F.3d 912, 915 n.3 (11th Cir. 1995); Jones v. Community Redevelopment Agency, 733 F.2d 646, 649-50 (9th Cir. 1984); Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987); Jones v. Ocwen Federal Bank, 147 F. Supp. 2d 219, 223-24 (S.D.N.Y. 2001)

### 2.     Retaliation

In Count II of the proposed complaint, Plaintiffs allege that the NHPOA retaliated against them for engaging in protected activity in violation of §12203 of the ADA.  42 U.S.C. § 12203. Subsection (a) of that statute provides that "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."  42 U.S.C. § 12203(a).  Subsection (b) makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act."  42 U.S.C. § 12203(b).[1]

Unlike the limited class of plaintiffs entitled to sue for disability discrimination, "any individual" who has engaged in conduct protected under the ADA is eligible to file a retaliation claim.  42 U.S.C. § 12203.  As a result, the fact that Plaintiffs have not pled sufficient facts to allow the Court to determine if they are disabled has no bearing on their § 12203 claims.  Selenke v. Medical Imaging of Colo., 248 F.3d 1249, 1264 (10th Cir. 2001); Buettner v. Arch Coal Sales Co., INx., 216 F.3d 707, 714 (8th Cir. 2000).  Moreover, although only entities subject to suit under the disability discrimination titles of the ADA can be sued for retaliation,[2] the NHPOA is a

---

[1] Plaintiffs additionally cite 28 C.F.R. § 36.208 as a basis for recovery against the NHPOA. Their reliance on this regulation is, however, misplaced.  Rather than providing a basis for recovery, 28 C.F.R. § 36.208 carves out an exception from the requirements of Title III where the individual seeking to enforce that provision poses a direct threat to the health or safety of others.

[2] Butler v. City of Prairie Village,172 F.3d 736, 744 (10th Cir. 1999); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Hiler v. Brown, 177 F.3d 542, 545-47 (6th Cir. 1999).  Read in

6

proper Defendant by nature of its ownership of the common areas and parks of the North Hills subdivision. 42 U.S.C. § 12182; 28 C.F.R. § 36.104 (specifically listing parks and places of recreation as examples of public accommodations).

Plaintiffs' proposed complaint also includes allegations addressing every essential element of an ADA retaliation claim. The first element of such a claim is proof that the Plaintiffs engaged in activity protected under the statute. Selenke, 248 F.3d at 1264. Conduct is protected under the ADA if it both fits within one of the categories described in § 12203 and is motivated by a reasonable good faith belief that the Act is being violated. Id. Plaintiffs allege that they were subjected to retaliation for: (1) complaining to the NHPOA board of directors and sending letters to state and federal agencies in an attempt to force the NHPOA to make the common areas of North Hills ADA compliant; and (2) participating in a disability discrimination lawsuit in state court. Both types of conduct fall within the express language of § 12203. 42 U.S.C. § 12203(a) (prohibiting retaliation against any individual who has either "opposed any act or practice made unlawful by this Act" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act"); 42 U.S.C. § 12203(b) (generally prohibiting retaliation against any individual for exercising his rights under the Act, or for aiding

---

isolation, Subsections (a) and (b) of § 12203 suggest that the statute sweeps much more broadly. 42 U.S.C. § 12203(a) (providing that "no person" shall discriminate against any individual for engaging in activity protected under the ADA); 42 U.S.C. § 12203(b) (generally prohibiting interference, coercion, or intimidation of any individual exercising or assisting others in exercising their rights under the ADA). However, subsection (c) makes it clear that Congress intended to tie the remedies and procedures available to a plaintiff suing under this statute to the remedies and procedures available to plaintiffs suing directly under the title of the ADA underlying their retaliation claims. 42 U.S.C. § 12203(c). This interpretation is further supported by the legislative history of the statute. See H.P. Rep. No. 101-485, part III at 72 ("[A]n individual who was retaliated against in an employment discrimination complaint would have the same remedies and procedures available under [Title I] as an individual alleging employment discrimination.").

7

another in doing the same). In addition, there is nothing in the proposed second amended complaint to suggest that Plaintiffs could not have honestly and reasonably believed the ADA was being violated.

To satisfy the second element, Plaintiffs must demonstrate that adverse action was taken against Plaintiffs subsequent to, or contemporaneous with, the protected activity. Selenke, 248 F.3d at 1264. In support of this element, Plaintiffs allege that the NHPOA: (1) published disparaging comments about Plaintiff Stanton in the Association newsletter; (2) misstated the amount Plaintiffs Stanton, Tereskiewicz, Rodriguez, Martin, Bessier, Wilkes, Daniello, Hicks, and Buechner owed to the Association; (3) raised Plaintiffs' homeowner's assessments in excess of the 10% cap on annual increases in assessments included in the North Hills covenants; and (4) refused to properly maintain Plaintiffs' yards while providing such maintenance to other homeowners in the subdivision. Each of these acts could individually ground liability under § 12203 and its implementing regulations. See 42 U.S.C. § 12203; 28 C.F.R. § 36.206.

To satisfy the third element of an ADA retaliation claim, Plaintiffs must show a causal connection between the adverse action and the protected activity. Selenke, 248 F.3d at 1264. Although Plaintiffs simply allege that the adverse acts of the NHPOA were intended to be retaliation for their protected activity, in light of the allegations addressing the other necessary elements under § 12203 this is sufficient to satisfy the third element at this stage in the litigation. Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1457 (11th Cir. 1998); Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996).

Plaintiffs are therefore entitled to go forward with their ADA retaliation claims against the NHPOA.

**B.     Fair Debt Collections Practices Act Claims**

Plaintiffs allege in Count VIII of their proposed complaint that, in the process of attempting to collect homeowner's assessments levied by the NHPOA, the Association, Gary Johnson, and Rodney Starkweather violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o.  To prevail under the FDCPA, Plaintiffs must demonstrate that (1) they have been the object of collection activity arising from a consumer debt; (2) the Defendants attempting to collect the debt qualify as "debt collectors" under the Act; and (3) the Defendants engaged in prohibited acts or failed to perform requirements imposed by the FDCPA.  Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990).

It is well-established that attempting to collect assessments levied by a homeowner's association is a collection activity arising from a consumer debt.  Ladick v. Van Gemert, 146 F.3d 1205, 1206-07 (10th Cir. 1998).  The proposed complaint therefore clearly passes muster under the first element, leaving before the Court consideration of the second and third elements.

**1. Parties Liable as Debt Collectors Under the FDCPA**

Under the FDCPA, a debt collector is defined as an individual or entity who is involved in a business the principal purpose of which is the collection of debts, regularly collects or attempts to collect debts on behalf of third parties, or attempts to collect debts it is owed as a creditor using a name other than that under which it normally operates.  15 U.S.C. § 1692a(6); Kempf v. Famous Barr Co., 676 F. Supp. 937, 938 (E.D. Mo. 1988).  Plaintiffs allege that the homeowner's assessments at issue were levied by the NHPOA, but do not suggest that the Association adopted a different name for purposes of collecting past due assessments.  As such, the NHPOA is explicitly excluded from liability under the FDCPA for any activity it may have engaged in for the

9

purpose of collecting homeowner assessments from the Plaintiffs.  15 U.S.C. § 1692a(F)(ii); Aubert v. American General Finance, Inc., 137  F.3d 976, 978 (7th Cir. 1998) ("Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own."); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996); Fox v. Citicorp Servs., Inc., 15 F.3d 1507, 1516 (9th Cir. 1994); Vitale v. First Fidelity Leasing Group, 35 F. Supp. 2d 78, 81 (D. Conn. 1998).

### 2. Prohibited Conduct

There is, however, nothing in the proposed complaint that provides a similar basis for dismissing Plaintiffs' FDCPA claims against Defendants Starkweather[3] and Johnson.  The Court must therefore consider whether they have alleged facts suggesting that these Defendants engaged in conduct prohibited under the Act.

Three broad prohibitions form the "heart" of the FDCPA.  Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).  First, a "debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[3]Although Starkweather would have been excluded from liability under the original FDCPA based on the fact that he is an attorney, the Act was later amended to subject lawyers to liability so long as they otherwise fall within the statutory definition of a debt collector.  Heintz v. Jenkins, 514 U.S. 291, 294-95 (1995); Crossley v. Lieberman, 868 F.2d 566, 572 (3d Cir. 1989) (holding that attorneys should be held to a higher standard than other debt collectors under the FDCPA); see also FTC Staff Commentary on the Act, 53 Fed. Reg. 50102 (Dec. 13, 1988).

15 U.S.C. § 1692e. Third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692e.

Here, Plaintiffs assert that Defendant Johnson: (1) made the past due assessments owed by Plaintiffs public after he was aware that they disputed the validity of these debts, (2) added assessments not yet due to the amount Plaintiffs owed the NHPOA, and (3) falsely represented to Plaintiffs that the NHPOA had won the cases it had pursued for collection when some of these cases were still pending. Their claims against Defendant Starkweather are grounded on allegations that he misrepresented relevant facts in collection letters and otherwise harassed them in an effort to collect for the NHPOA. If proven true, such conduct falls within the prohibitions of the FDCPA listed above.[4]

Accordingly, although the NHPOA will be dismissed as a Defendant under Count VIII, Plaintiffs are entitled to go forward with their FDCPA claims against Defendants Johnson and Starkweather.

## C.  Supplemental Jurisdiction

Although Plaintiffs' claims under the ADA and FDCPA raise proper federal questions, 28 U.S.C. § 1331, the Court does not have an independent basis for exercising jurisdiction over their

---

[4]If Johnson obtained the right to collect homeowner's assessments before they became delinquent he may be excused from liability under the FDCPA. 15 U.S.C. § 1692a(6)(F)(iii) (excluding from the definition of a debt collector any person collecting a debt "which was not in default at the time it was obtained"); Alexander v. Omega Management, Inc., 67 F. Supp. 2d 1052, 1055 (D. Minn. 1999) (holding that Defendant property manager fell within the 15 U.S.C. § 1692a(6)(F)(iii) exclusion and was therefore not a debt collector subject to the FDCPA). However, Plaintiffs specifically allege that his collection responsibilities extended only to assessments that were past due, rendering § 1692a(6)(F)(iii) inapplicable.

11

state law claims. As a result, if these claims do not fall within the Court's supplemental jurisdiction, they must be dismissed or remanded to state court.

### 1. Power to Exercise Supplemental Jurisdiction

Under Article III, federal courts have the power to exercise supplemental jurisdiction over state law claims so related to a proper federal question that they form a single constitutional case. Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 539 (2002); City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Gold v. Local 7 United Food and Commercial Workers Union, Local 7, 159 F.3d 1307, 1310 (10th Cir. 1998). Although the extent to which district courts are entitled to exercise their power under Article III is controlled by Congress, 28 U.S.C. § 1367 authorizes the use of supplemental jurisdiction to the full extent permitted under the Constitution. 28 U.S.C. § 1367; Raygor, 534 U.S. at 539-40; Mendoza, 301 F.3d at 1174. The Court therefore has the power to hear any of Plaintiffs' state law claims that are so related to a jurisdiction-conferring federal cause of action that they would ordinarily be tried together in a single judicial proceeding. Gibbs, 383 U.S. at 725; Classic Communications, 995 F. Supp. at 1184. The standard is leniently applied; claims need only be loosely connected in terms of the facts, occurrences, witnesses, and evidence at issue to qualify. Channell v. Citicorp National Services, Inc., 89 F.3d 379, 385 (7th Cir. 1996); Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1564 n.5, 1566 (11th Cir. 1994); Nanavati v. Burdette Tomlin Memorial Hosp., 857 F.2d 96, 105 (3d Cir. 1988); Jones v. Intermountain Power Project, 794 F.2d 546, 548-50 (10th Cir. 1986).

Plaintiffs' state law claims for negligence, negligent retention, and breach of the implied covenant of good faith and fair dealing, like their ADA disability discrimination claims,[5] are focused on the construction, maintenance, and design of North Hills's common areas. Similarly, their breach of fiduciary duty, intentional infliction of emotional distress, and fraud claims involve the same course of events from which their FDCPA claims arise. Accordingly, the Court has the power to hear all of the state law claims Plaintiffs seek to pursue.

### 2.     Discretionary Refusal to Exercise Supplemental Jurisdiction

However, under § 1367(c)(2) the Court has the discretion to decline to hear supplemental claims if they "substantially predominate" over Plaintiffs' federal claims in terms of the required proof, the scope of the issues raised, or the comprehensiveness of the remedy sought. 28 U.S.C. § 1367(c)(2); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995). Declining jurisdiction is appropriate where hearing the supplemental claims would amount to allowing the "federal tail to wag what is in substance a state dog." Id.

Here, Plaintiffs' supplemental claims raise a range of issues only tangentially related to their federal claims. More specifically, by declining to hear Plaintiffs' supplemental claims, the Court entirely avoids the need to address: (1) the boundaries of the contract, tort, and fiduciary duties the Defendants owed to the Plaintiffs; (2) the requirements for properly electing an association's board of directors under the state laws and regulations governing business entities; (3) municipal liability; (4) agency; (5) proximate causation; and (6) the types of conduct that are

---

[5]Although Plaintiffs' ADA disability discrimination claims were dismissed above, the fact that they were included in the complaint is sufficient to ground supplemental jurisdiction over state law claims that form part of the same case. Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995).

sufficiently outrageous to ground recovery for intentional infliction of emotional distress. These issues are considerably broader and more complicated than the narrow questions the Court must consider in applying § 12203 of the ADA and the FDCPA. Finally, while some evidentiary overlap in the state and federal cases will likely occur, principles of comity suggest that federal courts should avoid unnecessarily intruding into areas of the law entrusted to their state counterparts. Gibbs, 383 U.S. at 726 ("needless decisions of state law should be avoided [by federal courts] both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law."); Women Prisoners of D.C. Correct. v. District of Columbia, 93 F.3d 910, 922 (D.C. Cir. 1996); Parker v. Parsley Petroleum v. Dresser Indus., 972 F.2d 580, 588-90.

The Court therefore declines to exercise supplemental jurisdiction over Plaintiffs' claims for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence, negligent retention, and fraud.

## D. Remand of State Law Claims

Having declined to hear Plaintiffs' state law claims, the Court must determine the appropriate vehicle for disposing of them. Ordinarily, this depends on the means by which the case comes before the Court; in removed cases, courts generally remand, but claims originally filed in federal court must instead be dismissed without prejudice.[6] Here, the Court is faced with a consolidated case comprised of identical suits. One suit originated in state court, the other in

---

[6]The basis for this distinction lies in the fact that claims can only be remanded to a court that has exercised jurisdiction over the case, a requirement rarely satisfied when a district court declines to hear a state claim originally filed in federal court.

federal court. As a result, the appropriate means of routing the supplemental claims back to state court turns on the extent to which each case retained its separate identity after consolidation.

"Consolidation" is generally used in three different procedural contexts: (1) when several actions are stayed while one is tried, with the judgment in the case tried treated as conclusive as to the others; (2) when several actions merge and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together as a matter of convenience, but each suit retains its separate character, with separate judgments entered. Schnabel v. Lui, 302 F.3d 1023, 1035 (9th Cir. 2002) quoting 9 Wright & Miller, Fed. Practice & Procedure: Civil 2d § 2382 (1995). While Fed.R.Civ.P. 42(a) seems to authorize consolidation in both the second and third contexts, Schnabel, 302 F.3d at 1035, in Johnson v. Manhattan Ry. Co. the Supreme Court held that consolidation is permitted "as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties." 289 U.S. 479, 496-97 (1933).

Although Johnson is still commonly cited as controlling authority, every federal court of appeals other than the First and Sixth Circuits now treats a consolidated case as a single cause of action for some purposes.[7] The partial abandonment of Johnson is generally justified by the fact

---

[7]Trinity Broadcasting Corp. v. Eller, 827 F.2d 673, 675 (10th Cir. 1987) citing Huene v. United States, 743 F.2d 703, 704-05 (9th Cir. 1984); Doe v. Howe Military School, 227 F.3d 981, 986-87 (7th Cir. 2000); Tri-State Hotels v. FDIC, 79 F.3d 707, 712 (8th Cir. 1996); Eggers v. Clinchfield Coal Co., 11 F.3d 35, 38-39 (4th Cir. 1993); Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 148-51 (5th Cir. 1992); Bergman v. City of Atlantic City, 860 F.2d 560, 566 (3d Cir. 1988); Hageman v. City Investing Co., 851 F.2d 69, 71 (2d. Cir. 1988); Bank South Leasing, Inc. v. Williams, 769 F.2d 1497, 1500 n.1 (11th Cir. 1985), vacated on other grounds, 778 F.2d 704 (11th Cir. 1985); cf. Federal Deposit Ins. Corp. v. Caledonia Inv. Corp., 862 F.2d 378, 381 (1st Cir. 1988) (continuing to strictly adhere to the holding in Johnson); Kraft, Inc. v. Local 327, Teamsters, 683 F.2d 131, 133 (6th Cir. 1982) (same).

that the holding in that case was based on the statute superceded by Fed.R.Civ.P. 42.  See Steinman, The Effects of Case Consolidation on the Procedural Rights of Litigants: What They Are, What They Might Be, Part I: justiciability and jurisdiction (original and appellate), 42 U.C.L.A. L. Rev. 717 (1995).  In particular, courts and academics have focused on the fact that, unlike the statute applied in Johnson, Rule 42 expressly provides for a joint hearing or trial.  Fed.R.Civ.P. 42(a); cf. 28 U.S.C. § 734.  Furthermore, the Advisory Committee's Notes on Rule 42(a) indicate that, to the extent the statute and Rule are different, the statute should be viewed as modified.  Fed.R.Civ.P. 42 advisory committee's notes.

Although the Tenth Circuit has not yet addressed whether deviating from Johnson is justified under the facts at issue in this case, the Fourth Circuit has held that "identical actions" consolidated under Rule 42 lose their separate identities and merge into a single case.  Baker, Watts & Co. v. Miles & Stockbridge, 876 F.2d 1101, 1103-04 n.2 (4th Cir. 1989) (reasoning that, in cases involving the consolidation of "identical actions," there are no discernable "purposes of substance for which the[] cases should retain their separate identities").[8]  This Court finds the Fourth Circuit's analysis in Baker persuasive.

The facts of this case warrant deviating from Baker in one regard.  The Baker court treated the merged case as a federal cause of action.  876 F.2d at 1103-04 n.2.  Here, however,

---

[8]In Baker, two plaintiffs filed suit against the same defendants on the same day.  One plaintiff filed suit in state court.  The other filed in federal court.  Both sought indemnification under the applicable federal and state securities laws as well as damages for a range of state common law claims.  The defendants removed the state cause of action, and the district court consolidated the two pending cases.  It later dismissed the securities claims and remanded the remaining common law claims.  Both parties appealed from this order.  In the second footnote of the opinion, the Fourth Circuit considered the effect of consolidation on the two cases and found that after consolidation the district court should have treated the state and federal suits as "merged into a single federal action."

16

the Court finds that consolidation had the opposite effect, merging the federal suit into the removed case. The basis for this distinction lies in the procedural background of the merged cases. In Baker the merged cases, although identical, were filed by different plaintiffs on the same day. Here, the removed case was filed in state court months before the identical federal suit. In addition, the federal case was filed within a month of the date Defendants removed.

Faced with a case properly viewed as originating before a New Mexico state forum, the Court will remand Plaintiffs' claims for negligence, negligent retention, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and fraud.

**E.     Plaintiffs' Signatures**

As a final matter, the Court must address two deficiencies on the signature page of the proposed complaint. First, in the space provided for the signatures of Alfred and Jeanette Daniello, the words "Power of Attorney - May Stanton" have been typed. Second, although Don and Cheryl Hicks are listed as Plaintiffs in the caption of the proposed complaint, neither has signed it.

As unrepresented parties, Plaintiffs are required to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. A *pro se* plaintiff cannot represent the interests of other *pro se* plaintiffs in court. United States v. Grismore, 546 F.2d 844, 847 (10th Cir. 1976); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); Knoefler v. United Bank, 20 F.3d 347, (8th Cir. 1994); C.E. Pope Equity Trust v. United States, 818 F.2d 696, (9th Cir. 1987); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); United States v. Taylor, 569 F.2d 448, 451 (7th Cir.

1978).  As such, each Plaintiff must provide the Court with some indication that she wishes to have her claims litigated before she can properly be treated as a party.  Furthermore, this requirement cannot be circumvented through the execution of a "power of attorney," since such instruments only convey the authority to transact business or act as an agent for another.  See Black's Law Dictionary 1191, 124 (7th ed. 1999); Powerserve Int'l. Inc. v. Lavi, 239 F.3d 508 (2d Cir. 2001); Johns v. County of San Diego, 113 F.3d 874, 876 (9th Cir. 1997); Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978).

Accordingly, Don and Cheryl Hicks and Alfred and Jeannette Daniello will be stricken from the complaint.  They are dismissed from the case without prejudice.

## IV.
## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs are entitled to go forward with ADA retaliation claims against the NHPOA, and claims under the FDCPA against Defendants Johnson and Starkweather.  Their disability discrimination claims will be dismissed for failure to state a claim for which relief can be granted.  Because the six state claims included in the proposed complaint substantially predominate over the federal claims, the court declines to exercise supplemental jurisdiction in this case and remands all state claims to the New Mexico state court from which the case was removed.  Finally, Plaintiffs Don and Cheryl Hicks and Alfred and Jeannette Daniello have failed to assert an interest in this case, and will therefore be stricken as plaintiffs from the proposed complaint without prejudice.

**ORDER**

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' motion for leave to file a second amended complaint, (Doc. 260), will be DENIED to the extent that it seeks leave to go forward on claims of disability discrimination under the Americans with Disabilities Act and GRANTED to the extent that it seeks leave to go forward on ADA retaliation claims against the NHPOA and against Defendants Johnson and Starkweather for alleged violations of the FDCPA.  Plaintiffs' state law claims for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence, negligent retention, and fraud will be REMANDED to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.  Plaintiffs Don Hicks, Cheryl Hicks, Alfred Daniello, and Jeannette Daniello will be stricken from the complaint with leave to refile individually if they so choose.

**DATED** at Albuquerque this 18th day of December, 2002.

                                      BRUCE D. BLACK
                                    United States District Judge

**Attorneys:**

For Plaintiffs:
    All Plaintiffs appearing *pro se*

For Defendants:
    Zachary S. Rigdon and Gregory L. Biehler, Albuquerque, N.M., Counsel for the North Hills Property Owners' Association

    Arthur Gregory Olona, Albuquerque, N.M., Counsel for Richard Bibra, Patricia Cole, Bill Charlton, Frances Elizondo, Barry Ballinger, Scott Wheeler, and Richard May.