IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA MAY STANTON, et al.,**

    Plaintiffs,

v.                               No. CIV 01-0380 BB/DJS
                                          **as consolidated with**
                                          No. CIV 01-0471 JP/LCS

**NORTH HILLS PROPERTY
OWNERS' ASSOCIATION, INC., et al.,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of twenty-one pending motions. On December 18, 2002, the Court entered a Memorandum Opinion and Order addressing the sufficiency of Plaintiff's proposed second amended complaint (Doc. 267). Pursuant to that order, Plaintiffs were granted leave to go forward with claims against the NHPOA under the anti-retaliation provisions of the Americans with Disabilities Act ("ADA"), and with claims against Gary Johnson and Rodney Starkweather under the Fair Debt Collections Practices Act ("FDCPA"). The Court dismissed Plaintiffs' ADA disability discrimination claims and remanded all state law claims to the New Mexico court from which the case was removed. Having reviewed the submissions of the parties and the relevant law, the Court finds as follows:

(1) Plaintiffs' motion to join Scottsdale Insurance Co. and R. Max Williamson as defendants pursuant to Fed.R.Civ.P. 19(a) (Doc. 53) will be DENIED. Plaintiffs failed to name either of these parties in their proposed second amended complaint and have not otherwise indicated to the Court that they still wish to join them as defendants. See Murray v. Arcambo, 132 F.3d. 609, 612 (10th Cir. 1998) (citing King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994), for

the proposition that an amended pleading supersedes all prior pleadings filed by a plaintiff). Moreover, there is nothing in the record to suggest that a judgment rendered in their absence would be inadequate or prejudicial to their interests or the interests of those already party to the case.  See Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co., 104 F.3d 1205, 1211 (10th Cir. 1997).

(2)     Defendant Gary Johnson and GBI Limited's motion for summary judgment (Doc. 169) will be DENIED on the merits to the extent that it seeks to have Johnson dismissed from the case as an improper defendant.  The relevant portion of Defendants' motion is based on the widely accepted rule of corporate law providing that owners and employees of a corporation are shielded from individual liability for claims arising from acts or omissions done in connection with the business.  See Barnes v. Sadler & Assoc., Inc., 622 P.2d 239, 240 (N.M. 1981).  As the sole shareholder and an employee of GBI Limited, Johnson asserts that, pursuant to this rule, his allegedly unlawful conduct would only provide a basis for recovery against the corporation.

However, a shareholder or corporate employee is subject to the FDCPA if he either (a) qualifies as a "debt collector" and violates the Act by personally collecting or attempting to collect the debt at issue, or (2) engages in conduct that justifies piercing the corporate veil.  Musso v. Seiders, 194 F.R.D. 43, 46-47 (D. Conn. 1999); Brink v. First Credit Res., 57 F. Supp. 2d 848, 862 (D. Ariz. 1999); Ditty v. Checkrite, Ltd., 973 F. Supp. 1320, 1337 (D. Utah 1997);  Teng v. Metro. Retail Recovery Inc., 851 F. Supp. 61, 67 (E.D.N.Y. 1994).  Plaintiffs' claims against Johnson are based entirely on allegations of personal misconduct.  If Plaintiffs can prove these allegations are true and that the conduct is proscribed by the FDCPA, the sole issue before the Court will be whether Johnson "regularly" collected past due homeowner's assessments.  See 15

U.S.C. § 1692a(6) (defining a "debt collector" as "any person who...regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").  At this stage in the litigation, the record is too sparse to allow the Court to resolve this issue.  In addition, there is no basis for ruling out the possibility that Johnson and GBI Limited should be treated as alter egos.  As such, it would be inappropriate to grant summary judgment at this time.

To the extent the motion for summary judgment seeks to have Plaintiffs' claims otherwise dismissed on the merits, it will be DENIED as moot.

(3) The following motions were also rendered moot by the December 18, 2002 Memorandum Opinion and Order and will therefore be DENIED:

   a. Defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Docs. 95, 96, 101, 147, 156, 174, 181)

   b. Defendants' motions to strike (Docs. 199, 205, 207, 213)

   c. Plaintiff Elvira May Stanton's motions to quash (Docs. 209, 211)

   d. Defendant NHPOA's motion for summary judgment (Doc. 172)

   e. Defendant Starkweather's motion for summary judgement (Doc. 176)

   f. Plaintiffs' motion to strike (Doc. 217)

   g. Defendant's motions to dismiss filed in CV 01-471 prior to consolidation (Docs. 50, 66)

   h. Plaintiffs' motion for second amended complaint filed in CV 01-471 prior to consolidation (Doc. 64)

3

Dated this 30th day of January, 2003.

*[signature]*
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:
    All Plaintiffs appearing *pro se*

For Defendants:
    Mel B. O'Reilly, Albuquerque, N.M. for John J. Blackburn

    Zachary S. Rigdon and Gregory L. Biehler, Albuquerque, N.M., Counsel for the North Hills Property Owners' Association

    Arthur Gregory Olona, Albuquerque, N.M., Counsel for Richard Bibra, Patricia Cole, Bill Charlton, Frances Elizondo, Barry Ballinger, Scott Wheeler, and Richard May