FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 22 2003

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELVIRA MAY STANTON, et al.,

    Plaintiffs,

v.

No. CIV 01-0380 BB/DJS
**as consolidated with**
No. CIV 01-0471 JP/LCS

NORTH HILLS PROPERTY
OWNERS' ASSOCIATION, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Plaintiffs' "motion for indefinite extension of time" (Doc. 281). At issue is whether the Court should stay the case due to health problems that currently prevent Plaintiff Elvira May Stanton from prosecuting her claims. Having reviewed the submissions of the parties and the relevant law, the Court finds as follows:

(1) Plaintiffs' motion will be GRANTED to the extent it seeks to stay litigation on Ms. Stanton's individual claims. In deciding whether to grant such a stay, the Court must consider the strength of the Plaintiffs' case, the likely harm caused by denying the stay, the harm Defendants will suffer if the stay is granted, and the public interest. USW v. Or. Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). Here, the balance of these factors weighs in Ms. Stanton's favor. On December 18, 2002, the Court entered an order holding that Plaintiffs pleaded sufficient facts to go forward with claims under the Fair Debt Collections Practices Act ("FDCPA") and the anti-retaliation provisions of the Americans with Disabilities Act ("ADA") (Doc. 267). Although this does not address the likelihood that Plaintiffs will prevail, it

establishes that Ms. Stanton's case is at least strong enough to proceed. Refusing to grant a stay would therefore amount to dismissing a procedurally valid case solely because the plaintiff failed to quickly recover from what appear to be relatively serious health problems. Moreover, the public has a strong interest in ensuring that violations of the rights protected by the ADA and FDCPA are redressed. With regard to the Defendants, although a stay may cause some inconvenience, it does not pose a threat to their interests in the litigation.

The Court must, however, bound the stay to a set time period. Landis v. North American Co., 299 U.S. 248, 254-56 (1936) (holding that although courts have the authority to stay a case, it is an abuse of discretion to do so indefinitely). Accordingly, the stay will initially be set to expire after three months. If Ms. Stanton establishes that she is still unable to proceed at that time, the Court will again consider whether the balance of factors weighs in her favor. If it does, the stay will be extended as the Court deems appropriate.

(2) The motion will be DENIED insofar as it seeks to stay the litigation for the remaining Plaintiffs. As unrepresented parties, they are required to "plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, and cannot allow another *pro se* plaintiff to represent their interests in court. United States v. Grismore, 546 F.2d 844, 847 (10th Cir. 1976). As a result, Ms. Stanton's health problems do not absolve them of responsibility for continuing to prosecute their claims.

IT IS THEREFORE ORDERED that Plaintiff Elvira May Stanton's claims be stayed until August 22, 2003. The litigation will otherwise proceed on a standard timeline under the guidance of Magistrate Judge Torgerson.

Dated this 22nd day of May, 2003.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:
  All Plaintiffs appearing *pro se*

For Defendants:
  Mel B. O'Reilly, Albuquerque, N.M. for John J. Blackburn

  Zachary S. Rigdon and Gregory L. Biehler, Albuquerque, N.M., Counsel for the North Hills Property Owners' Association

  Arthur Gregory Olona, Albuquerque, N.M., Counsel for Richard Bibra, Patricia Cole, Bill Charlton, Frances Elizondo, Barry Ballinger, Scott Wheeler, and Richard May